IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>LINDA BERKOWITZ, *individually and as Trustee of* THE LINDA BERKOWITZ REVOCABLE LIVING TRUST,<br><br>     Defendants. | CIVIL NO.  2:26-cv-01695 |

## **COMPLAINT TO ENFORCE FEDERAL TAX LIENS**

The United States of America complains and alleges as follows:

1.    To collect Linda Berkowitz's outstanding federal income tax liabilities, the United States seeks to enforce the federal tax and judgment liens attached to a piece of real property in Marco Island, Florida, titled in the name of Linda Berkowitz as Trustee of the Linda Berkowitz Revocable Living Trust. The Trust holds title as the nominee of Linda Berkowitz individually.

2.    This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought

1

at the direction of a delegate of the Attorney General of the United States. *See* 26 U.S.C. §§ 7401 and 7403.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because the real property at issue is situated in Marco Island, Florida.

## DEFENDANTS

5.      Defendant Linda Berkowitz is a resident of Philadelphia, Pennsylvania.

6.      The Linda Berkowitz Revocable Living Trust (the "Berkowitz Trust") is a revocable living trust organized under the laws of the Commonwealth of Pennsylvania in 1999 by Ms. Berkowitz. In addition to being the settlor of the Berkowitz Trust, she is its sole trustee and beneficiary.

## BACKGROUND

7.      Ms. Berkowitz has unpaid federal personal income tax liabilities for tax year 2004 which were assessed on July 1, 2009.

8.      On December 10, 2021, the United States District Court for the Eastern District of Pennsylvania entered judgment "in favor of the United States of America and against Linda Berkowitz in the amount of

$280,383.24" as of January 18, 2021, with respect to income tax assessments, statutory additions, and interest for the 2004 tax year. *See United States v. Linda Berkowitz*, 2:21-cv-1436, ECF No. 10 (E.D. Pa. Dec. 10, 2021).

## THE SUBJECT PROPERTY

9.      The Subject Property is located at 308 Bald Eagle Drive, Marco Island, Florida 34145, which is located within Collier County, and is more particularly described as:

> Lot 29, Block 249, Marco Beach Unit Six, a subdivision according to the Plat thereof, as recorded in Plat Book 6, Pages 47 through 54, of the Public Records of Collier County, Florida.
>
> Parcel Identification number 57384600001

10.     On December 9, 2010, Ms. Berkowitz executed a contract for purchase of the Subject Property in her individual capacity.

11.     On May 24, 2011, the Subject Property was conveyed by Warranty Deed to Linda Berkowitz as Trustee of the Berkowitz Trust.

## COUNT I: DECLARATORY JUDGMENT

12.     The United States incorporates by reference the allegations in paragraphs 1 through 11.

13.     Pursuant to Fla. Stat. § 736.0505(1)(a) or 20 Pa. Cons. Stat. Ann. § 7745(1), because the Berkowitz Trust is a revocable trust, the Berkowitz

Trust's property is subject to the claims of the United States as Ms. Berkowitz's creditor.

14.    On July 1, 2009, the Internal Revenue Service assessed $136,385 in federal income tax and an accuracy-related penalty of $27,277 against Ms. Berkowitz for the tax period ending December 31, 2004. The IRS also assessed interest and, later, a penalty for failure to pay the tax.

15.    The Internal Revenue Service gave Ms. Berkowitz notice of the assessments and demanded payment, but she did not fully pay the assessments.

16.    The United States' tax liens arose when she failed to pay the assessments of the federal tax liabilities and penalties against her. 26 U.S.C. § 6321.

17.    These tax liens attached to all Ms. Berkowitz's property and rights to property, including property held in the name of a nominee. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350–51 (1977). The liens also attached to after-acquired property, including the Subject Property upon Ms. Berkowitz's acquisition of a beneficial interest in that property.

18.    On February 3, 2021, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien in Collier County for the assessments described in paragraph 14. Collier County assigned the Notice instrument number 5995318.

19.    On February 24, 2021, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien in Collier County naming the Berkowitz Trust as Ms. Berkowitz's nominee with respect to the Subject Property. This Notice asserted that the liens arising from the assessments described in paragraph 14 attached to the Subject Property.

20.    Ms. Berkowitz is the true and equitable owner of the Subject Property, and the Berkowitz Trust holds only bare legal title as Ms. Berkowitz's nominee. The facts showing Berkowitz's true ownership of the Subject Property, and the nominee status of the Berkowitz Trust include:

a.    Ms. Berkowitz is the settlor, sole trustee, and beneficiary of the Trust.

b.    Ms. Berkowitz signed the "As Is" contract for purchase of the Subject Property in her individual capacity.

c.    In August 2011, after the conveyance to Berkowitz Trust, Ms. Berkowitz signed a Notice of Commencement providing notice that an improvement will be made to the Subject Property. Ms. Berkowitz identified herself individually as the owner of the Subject Property on the Notice.

d.    Similarly, in May 2018, Ms. Berkowitz signed a second Notice of Commencement providing notice that an improvement will be made to the Subject Property. Ms. Berkowitz identified

herself individually as the owner of the Subject Property on the Notice.

e. Ms. Berkowitz uses the Subject Property for her personal benefit as a secondary residence.

21.    In addition, the United States obtained a judgment against Ms. Berkowitz as described in paragraph 8. An abstract of the judgment was recorded with the Clerk of the Circuit Court of Collier County on July 19, 2023, creating a judgment lien in favor of the United States under 28 U.S.C. § 3201.

22.    The federal tax liens against Ms. Berkowitz continue until the liabilities for the assessments have been satisfied or become unenforceable by lapse of time. *See* 26 U.S.C. §§ 6321, 6322. As alleged in paragraphs 7–8, the tax assessments against Ms. Berkowitz remain unpaid.

23.    The tax liens have not become unenforceable by lapse of time. Although the assessments are more than ten years old, the United States brought an action to reduce those assessments to judgment within the statute of limitations on collection in 26 U.S.C. § 6502 and obtained a judgment against Ms. Berkowitz as alleged in paragraph 8. The judgment against Ms. Berkowitz in the civil suit operates to extend the period to collect her unpaid taxes indefinitely.

24. The United States therefore requests declaratory judgment that its tax liens attach to the Subject Property, notwithstanding the fact that Ms. Berkowitz purchased the property in her role as trustee of and in the name of the Berkowitz Trust.

## COUNT II: ENFORCE FEDERAL TAX LIENS

25. The United States incorporates by reference the allegations in paragraphs 1 through 2422.

26. As alleged in Count I, the United States may directly collect assets held in the name of the Berkowitz Trust because it is a revocable trust of which Ms. Berkowitz is the settlor and beneficiary. Alternatively, the Berkowitz Trust holds bare legal title to the Subject Property as the nominee of Ms. Berkowitz. Under both theories, the federal tax liens against Ms. Berkowitz attach to her true and beneficial interest in the Subject Property.

27. As of May 8, 2026, Ms. Berkowitz owes the United States $385,283.18 for her 2004 federal income tax liabilities.

28. The tax liens against Ms. Berkowitz should be foreclosed on the Subject Property, and the Subject Property should be sold pursuant to 26 U.S.C. § 7403(c).

29. On information and belief, there are no other interests in the Subject Property, or if there are any, the United States has priority over all

7

other interests therein, subject to any relevant exceptions in 26 U.S.C. § 6323.

30. Thus, under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale for the Subject Property to enforce its tax liens against Ms. Berkowitz.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, the United States of America, asks that the Court:

A. Declare that the United States' federal tax lien and judgment lien attach to the Subject Property and are valid and enforceable, notwithstanding the Berkowitz Trust formally holding title in the Subject Property;

B. Enforce the federal liens on the Subject Property and direct that the Subject Property be sold according to law, free and clear of the liens and claims of the parties herein;

C. Rank, if there are multiple claims, the various claims to the Subject Property and order the net proceeds from its sale be distributed in accordance with that determination;

D. Grant the United States its costs incurred in this action; and

E.  Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,


BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

Dated: May 18, 2026         /s/ Bensen V. Solivan
Bensen V. Solivan
Massachusetts Bar No. 657364
Trial Attorney, Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: (202) 514-8031
Bensen.Solivan@usdoj.gov
Attorney for United States

*Of Counsel:*

Gregory W. Kehoe
United States Attorney
Middle District of Florida

9